NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: INTEL CORPORATION,**
*Petitioner*

---

2021-111

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:19-cv-00977-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

Before PROST, *Chief Judge*, LOURIE and CHEN, *Circuit Judges*.

PER CURIAM.

## ORDER

Intel Corporation petitions this court for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its December 31, 2020 order retransferring this case from the Austin Division back to the Waco Division pursuant to 28 U.S.C. § 1404(a). Intel also moved to stay the district court's retransfer order pending this court's consideration of its petition, and VLSI Technology LLC moves for leave to file a supplemental appendix.

This is the second time this case has been before this court. In both instances, the controversy before us has flowed from the fact that, although the federal courthouse in Austin remains closed for jury trials due to the COVID-19 pandemic, the courthouse in Waco has been ordered available for such trials.

Briefly, VLSI Technology LLC filed the underlying patent-infringement suit against Intel in the Waco Division of the Western District of Texas. In October 2019, the district court granted Intel's motion to transfer the action to the Austin Division of the Western District of Texas pursuant to § 1404(a).

A few months after the transfer to the Austin Division, the COVID-19 pandemic hit the nation. In response, on March 13, 2020, the Chief Judge of the Western District of Texas issued a district-wide "Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic."[1] Citing concerns with the health and safety of the public, court employees, litigants, counsel, and jurors, the order continued all trials scheduled to begin in the following weeks.[2]

On June 18, 2020, the Chief Judge of the Western District of Texas issued a supplemental order regarding COVID-19. Although this order also provided that all trials scheduled to begin in the following weeks would be continued, it "recognize[d] that not every division within the district is similarly situated."[3] Accordingly, it permitted

---

[1]    https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Order-Re-COVID-19.pdf.

[2]    *Id.* ¶ 1.

[3]    Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic ¶ 3, https://www.txwd.uscourts.gov/wp-

courts in the district to "conduct jury trials within their respective division subject to a determination, based upon the facts and circumstances unique to the division, that conducting jury trials would not compromise the health and safety of Court personnel, litigants, counsel, law enforcement, witnesses, and jurors."[4] The supplemental order further provided that "[i]f judges in a specific division determine jury trials can be safely conducted, the most senior district judge within the relevant division may enter an order making those findings and resuming jury trials for the division despite this order and with notice to the Chief Judge."[5]

On August 18, 2020, the district court issued an order on behalf of the Waco Division finding that the division "may safely conduct trials." Appx322–23. In support of that finding, the order noted that "[s]ince the beginning of July 2020" the counties comprising the Waco Division had seen a "meaningful decline in new reported COVID-19 cases"—and that, as of the order's issuance, those counties had "approximately just 2.3% of all cases in Texas." Appx322. The district court issued another, highly similar, order on September 23, 2020, again finding that the Waco Division "may safely conduct trials."[6] Like the August order, this September order relied on a "meaningful decline in newly reported COVID-19 cases" "[s]ince the beginning

---

content/uploads/2020/03/SupplementalOrder-COVID061820.pdf.

[4] *Id.*

[5] *Id.*

[6] Divisional Standing Order Regarding Trials in Waco, https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/WacoStandingOrderTrials092320.pdf.

of July 2020" among the counties comprising the Waco Division.[7]

Meanwhile, the Chief Judge of the Western District of Texas kept issuing monthly district-wide supplemental orders continuing all trials. As before, these district-wide orders permitted judges in a particular division to conduct jury trials if, "based upon . . . facts and circumstances unique to the division," they determined that doing so would not compromise the health and safety of trial participants.[8] Unlike the Waco Division, the Austin Division never issued (and still has not issued) an order finding that jury trials are sufficiently safe in that division despite the district-wide orders.

In November 2020, the district court—relying solely on Rule 77(b) of the Federal Rules of Civil Procedure and its own inherent authority—issued an order moving the place of trial back to Waco because the Austin Division was not yet permitting jury trials.

On December 23, 2020, we granted Intel's petition for a writ of mandamus and vacated that order, concluding that neither Rule 77(b) nor inherent authority authorized the court to move just the trial proceedings from one statutory judicial division to another without Intel's consent. We left open, however, the possibility that the district court

---

[7]    *Id.* ¶ 2. To this court's knowledge, the Waco Division's September order has not been updated or supplemented in light of developments regarding COVID-19 occurring in the four months between now and then.

[8]    *E.g.*, Twelfth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (Jan. 7, 2021), https://www.txwd.uscourts.gov/wp-content/uploads/2021/01/OrdertwelfthSupplementalCOVID010721.pdf.

could hold trial in the Waco Division by retransfer of the entire action under § 1404(a). Immediately after our decision, VLSI moved to retransfer the entire action from Austin to Waco pursuant to § 1404(a). On December 31, 2020, the court granted that motion. Intel then filed this second petition.

Issuance of a writ of mandamus is a "drastic" remedy, "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947). A district court generally has considerable discretion in deciding whether to transfer an action under § 1404(a), and we review its decision on mandamus only for a clear abuse of discretion producing a patently erroneous result. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). That means we will not second guess a district court's determinations "as long as there is plausible support in the record for that conclusion." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010). Intel has not satisfied that exacting standard here.

Complying with our order, the district court assessed whether "'unanticipated post-transfer events frustrated the original purpose for transfer' of the case from Waco to Austin originally." *In re Intel*, No. 2021-105, slip op. at 5–6 (Fed. Cir. Dec. 23, 2020) (quoting *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983)). Taking into account the relevant traditional transfer factors, the district court concluded that it did and that re-transfer to Waco was warranted. While we may have evaluated these factors and the parties' arguments differently, we are unable to say that the district court's conclusion amounts to a clear abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion to stay is denied as moot.

(3) The motion to file a supplemental appendix is granted.

FOR THE COURT

January 21, 2021
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31